(No. 13184.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. ADAM PROCHOWSKI, Plaintiff in Error.

*Opinion filed October 23, 1920.*

CRIMINAL LAW—*Parole law of 1899 is not invalid.* The Parole law of 1899, in providing for an indeterminate sentence on a plea or verdict of guilty to a charge of burglary, is not invalid as violating the right to due process of law guaranteed by the fourteenth amendment to the Federal constitution. (*People* v. *Joyce,* 246 Ill. 124, and *Dreyer* v. *People,* 188 id. 40, followed.)

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding.

A. L. GETTYS, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE C. DIXON, (EDWARD E. WILSON, of counsel,) for the People.

Per CURIAM: On January 27, 1917, an indictment in three counts was returned in the criminal court of Cook county against the plaintiff in error, Adam Prochowski, for burglary and larceny. The first count charged the forcible breaking and entering of a certain dwelling house of George M. Reynolds with intent to commit larceny. This count also charged grand larceny. The second count charged that he forcibly broke and entered said dwelling house with intent to commit larceny. The third count charged burglary of said house without force, the doors and windows being open, and with intent to commit larceny. No one of the three counts makes any charge that the burglary was committed either in the day or night time, or that at the time of the committing of the offense named in the indictment plaintiff in error was found with any deadly weapon, deadly drug or anæsthetic upon his person or in his possession. On March 7, 1917, plaintiff in error entered his plea of guilty of the crime of burglary "in manner and form as charged in the indictment." The court thereupon sentenced him to the penitentiary at Joliet for the crime of burglary "whereof he stands convicted, for a term of years not to exceed the maximum term fixed by statute for the crime whereof he stands convicted," etc. The judgment and order of sentence further provided, in the usual form, that he be delivered to the warden or keeper of the penitentiary, and that the warden or keeper be thereby required and commanded to take his body and confine him in the penitentiary according to law and until discharged according to law, provided such term of imprisonment shall not exceed the maximum term for the crime for which he was convicted and sentenced. Plaintiff in error has sued out this writ of error to review the judgment and sentence of the court.

Plaintiff in error states in his brief that his principal contention is that the Parole act of 1899, under which he was sentenced, is unconstitutional. He admits that the question of the constitutionality of the statute has already been deter-

mined by this court in favor of the constitutionality of the law. No ground is argued or stated for the claim that the act is unconstitutional. He does state that he is entitled to have by the judgment of the court or some other authorized body his term of confinement fixed definitely, and that appears to be the only ground for asserting that the act is unconstitutional. He also calls to our attention the fact that one of his assignments of error is, in substance, that the Parole law contravenes the fourteenth amendment to the United States constitution.

Under our statute the penalty for burglary as charged in this indictment is not less than one year nor more than twenty years' confinement in the penitentiary. There can be no question whatever that the maximum penalty is twenty years and the minimum penalty is one year for the offense to which plaintiff in error pleaded guilty. Under our statute the sentence of the court, either on a plea of guilty or after verdict on a trial by jury, is necessarily an indeterminate sentence. Plaintiff in error makes no question as to the law but simply asserts that it is invalid for the reasons aforesaid. The Parole acts of 1899 and 1917 have been repeatedly sustained by this court as valid. (*Dreyer* v. *People*, 188 Ill. 40; *Hagenow* v. *People*, 188 id. 545; *People* v. *Joyce*, 246 id. 124; *People* v. *Doras*, 290 id. 188; *People* v. *Connors*, 291 id. 614.) The Supreme Court of the United States, in *Dreyer* v. *Illinois*, 23 Sup. Ct. 28, expressly held that the right to the due process of law guaranteed by the fourteenth amendment to the Federal constitution is not infringed by the decision of this court sustaining the validity of the Illinois Indeterminate Sentence act of 1899, although such statute may confer judicial powers upon non-judicial officers, and, in effect, invest them with the pardoning power of the executive.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*